NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30198 |
| Plaintiff-Appellee, | D.C. No. 1:14-cr-00094-SPW-1 |
| v. | |
| TITUS MARK BRYANT, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted August 31, 2017[**]
Seattle, Washington

Before: McKEOWN and GOULD, Circuit Judges, and FOOTE,[***] District Judge.

Titus M. Bryant appeals a special condition of his supervised release

sentence. That special condition imposed by the district court requires Bryant to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Elizabeth E. Foote, United States District Judge for the Western District of Louisiana, sitting by designation.

comply with the violent offender registration requirements of any state in which he resides. Bryant contends that the court abused its discretion because the condition does not reasonably relate to the statutory goals of sentencing and imposes a greater deprivation of liberty than is reasonably necessary. We reject these arguments and we affirm.

First, the requirement that Bryant comply with violent offender registration laws is reasonably related—indeed, it is perfectly tailored—to the goal of deterring him from violating those laws. That relationship is enough. *See United States v. Bare*, 806 F.3d 1011, 1017 (9th Cir. 2015) ("A condition of supervised release does not have to be related to the offense of conviction, because the sentencing judge is statutorily required to look forward in time to crimes that may be committed in the future by the convicted defendant." (quoting *United States v. Blinkinsop*, 606 F.3d 1110, 1119 (9th Cir. 2010)). Also, if a state requires Bryant to register as a violent offender, then the goals of deterring future acts of violence and protecting the public are served by notifying people about the potential danger Bryant poses.

Second, the condition does not deprive Bryant of any liberty he would otherwise enjoy. Violent offender registration laws may encroach on Bryant's liberty interests, but the condition requiring compliance with these laws does not. Bryant was not ever free to break the law. Uncertainty about the precise

2

requirements of the laws of fifty states does not make this special condition unduly restrictive.

**AFFIRMED.**